HAUPTMAN v. MILLER et al.

(Supreme Court, Appellate Term, First Department.   March 22, 1916.)

SALES ⊜⟹161(1)—"DELIVERY"—STATUTE.

Personal Property Law (Consol. Laws, c. 41) § 127, subd. 1, added by Laws 1911, c. 571, providing that when the seller is required to deliver the goods to the buyer, delivery to the carrier, whether named by the buyer or not, is deemed a delivery to buyer, except as provided by section 100, rule 5, added by Laws 1911, c. 571, providing that, if the contract of sale requires the seller to deliver to the buyer, the property does not pass until the goods have been delivered to the buyer, does not change the common-law rule that a contract requiring "delivery" to the buyer at his place of business is not fulfilled until such delivery is made; and hence a showing of delivery to an express company as the seller's agent was not a showing of delivery to the buyer.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 377–380; Dec. Dig. ⊜⟹161(1).

For other definitions, see Words and Phrases, First and Second Series, Delivery.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Moses Hauptman against Morris Miller and another. From a judgment for plaintiff after a trial before the court without a jury, defendants appeal.   Reversed, and new trial ordered.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

A. Wolodarsky, of Brooklyn, for appellants.

Wahle & Kringel, of New York City (H. Lionel Kringel, of New York City, of counsel), for respondent.

LEHMAN, J.   The plaintiff on February 24, 1915, sold to the defendants certain goods at the agreed price of $193,25, and has recovered a judgment for that amount upon a complaint alleging the sale and delivery of these goods.   The defendants in their answer denied the delivery of the goods.   At the trial the plaintiff proved upon its direct case only that he had sold the goods and that he delivered them to the Manhattan Delivery Company addressed to the defendants at 78 Belmont avenue, Brooklyn, and that he received a receipt from the Manhattan Delivery Company for these goods.   The plaintiff did not even produce the receipt for these goods, which he claims was signed by Miller Bros., but was permitted to give testimony as to the receipt over the defendants' objection.   At the close of the trial the defendants' counsel made the following statement:

"Now, if your honor please, I make this offer of proof.   The plaintiff claims that he has a receipt from the Manhattan Delivery Company.   I do not insist

upon strict proof of his signature. If he will offer it for identification, I will prove it is not his signature."

This offer was, however, not accepted, as both sides had previously rested. Obviously, even if we disregard all technical objections to the form of proof, the plaintiff on his direct case failed to prove any delivery to the defendants, unless delivery to the carrier was a delivery of goods to the buyer under section 127, subd. 1, of the Personal Property Law. The defendants moved to dismiss the complaint at the close of the plaintiff's case, and when their motion was denied they presented evidence that the goods had never been received. Thereafter in rebuttal the plaintiff testified that he always delivered the merchandise to the defendants through the same express company, that he sent to the defendants monthly statements and heard no complaints from the defendants in regard to the nondelivery of these goods until about the 1st of June, and that he saw some of these goods in the defendants' store at that time. One of the defendants then took the stand and testified that at the time when the plaintiff recognized his own goods in the store, he said to him:

"Yes, Mr. Hauptman; this is from the other store; we took it from the other store, and we have the records when we took it from the other store."

In view of the fact that the plaintiff failed to prove that he had not sold other goods to some other store of the defendants, I hardly think that the evidence of the plaintiff that he saw the goods in the defendants' store in June is sufficiently clear to sustain any finding that the goods sued for were actually delivered to the defendants. In any event, however, the trial justice wrote an opinion, and bases his decision in favor of the plaintiff solely upon the ground that as a matter of law delivery of the goods to the carrier was a delivery to the buyer. Under the circumstances, I think it would be unjust to consider upon this appeal any other point than the question of law decided by the trial justice.

Section 127 of the Personal Property Law provides:

"1. Where, in pursuance of a contract to sell or a sale, the seller is authorized or required to send the goods to the buyer, delivery of the goods to a carrier, whether named by the buyer or not, for the purpose of transmission to the buyer is deemed to be a delivery of the goods to the buyer, except in the cases provided for in section 100, rule 5, or unless a contrary intent appears."

The learned trial justice has held that rule 5 of section 100 did not, on the evidence presented here, apply to this contract. That rule provides:

"If the contract to sell requires the seller to deliver the goods to the buyer, or at a particular place, or to pay the  *  *  *  cost of transportation to the buyer, or to a particular place, the property does not pass until the goods have been delivered to the buyer or reach the place agreed upon."

It seems to me quite clear that in view of this rule the Legislature in section 127 merely intended to provide for a case in which the contract itself on the part of the buyer became complete upon shipment, and did not intend to change the common-law rule that where a con-

tract required a delivery to the buyer at his place of business or any other place, the contract was not fulfilled until such delivery was actually made. In this case the plaintiff does not claim that he was not bound to make delivery to the defendants at their place of business. He does claim that he had always sent goods to the defendants through the Manhattan Delivery Company, but the evidence clearly shows that the express company was his agent, and not the agent of the defendants.

It follows that the plaintiff failed to prove any delivery to the defendants, and that the judgment should·be reversed, and a new trial ordered, with $30 costs to appellants to abide the event. All concur.