SIDFORD & GREENE, INC., Plaintiff, *v.* WEHMEYER COAL COMPANY, Defendant.*

Supreme Court, Kings County, June 1, 1926.

* Affd., 221 App. Div. 778; 248 N. Y. 539.

*Charles C. Lockwood* [*Abraham J. Halprin* of counsel], for the plaintiff.

*William C. Relyea* [*Lewis Nadel* of counsel], for the defendant.

CROPSEY, J.  Plaintiff seeks the purchase price of coal claimed to have been sold and delivered to defendant.  Concededly there was no delivery.  Plaintiff, however, contends that it is entitled to recover on the ground that the coal in question was appropriated to the use of the defendant, that title to it passed to defendant, and hence that defendant is liable for the purchase price.  Although the complaint alleges delivery, if the plaintiff's proof established a proper appropriation, and that title had passed to defendant, plaintiff would be entitled to recover.  (*Berkshire Cotton Mfg. Co.* v. *Cohen*, 236 N. Y. 364, 371–375.)

The question, therefore, is whether the proof showed title had passed.  Where title has passed to the buyer, and he has failed to pay as agreed, a suit for the purchase price may be maintained by the seller (Pers. Prop. Law, § 144, as added by Laws of 1911, chap. 571).  Where the contract requires the seller to send the goods to the buyer, delivery of them to a carrier for the purpose of transmission to the buyer is deemed a delivery to the buyer, except in cases provided for in rule 5 of section 100 of the Personal Property Law (as added by Laws of 1911, chap. 571), or unless the contrary intent appears.  (Pers. Prop. Law, § 127, as added by Laws of 1911, chap. 571.)

Rule 5 of section 100, above referred to, provides that, if the contract requires the seller " to deliver the goods to the buyer, or at a particular place," title does not pass until the goods have been delivered to the buyer or reached the place agreed upon. The contract here required the plaintiff to deliver the coal " alongside limits," which means the towing limits of the railroad company — Ninety-sixth street and East river in this case.  The coal was never delivered at that point.  It was to be delivered there

in a boat, for shipment elsewhere by the defendant. After the order had been given, and the coal had been shipped by rail, defendant canceled the order; at least, it notified plaintiff it would not take the coal.

Plaintiff claims the shipping of the coal by rail to defendant was an appropriation of the goods to the contract, and that thereupon title passed to the defendant. Rule 4 of section 100 provides that, where the contract is to sell unascertained or future goods by description, and goods of that description and in a deliverable state are unconditionally appropriated to the contract, either by the seller with the assent of the buyer, or by the buyer with the assent of the seller, the property in the goods thereupon passes to the buyer, and that such assent may be expressed or implied, and may be given either before or after the appropriation is made. This rule, however, is not applicable, because the contract here required the plaintiff to deliver the goods at a particular place, and thus this case is governed by rule 5 above referred to.

Even before the enactment of the Sales of Goods Act (Pers. Prop. Law, art. 5), a defendant under the facts of this case, would not have been liable for the purchase price, as there had been no delivery and title had not passed. (*Westmoreland Coal Co.* v. *Syracuse Lighting Co.*, 159 App. Div. 323; *Manufacturers' Commercial Co.* v. *Rochester R. Co.*, 117 N. Y. Supp. 989, 993.) The provisions of the Sales of Goods Act were not intended to, and did not, change this common-law rule. (*Hauptman* v. *Miller*, 94 Misc. 266. See, also, *Reichbart* v. *Smith-Eisemann Corporation of America*, 199 App. Div. 571, 573; *Bready* v. *Wechsler Co.*, 200 id. 78; affd., 235 N. Y. 539, upon the ground that title had not passed.) The cases cited by plaintiff do not come within rule 5, section 100, and, therefore, they are not in point.

The dismissal of the complaint was proper, and the motion for a new trial is denied.